

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| DAVID S. TRAHAN and IRENE TRAHAN | CIVIL ACTION NO. 09-1157 |
| VERSUS | JUDGE HAIK |
| MORTON INTERNATIONAL, INC., ET AL | MAGISTRATE JUDGE HANNA |

## RULING

Before the Court is Scott's Motion for Summary Judgment on Morton's Third Party Demand (Doc. 53). Upon thorough review of the record and being fully advised of the premises, the Court rules as follows:

## BACKGROUND

This lawsuit arises from personal injuries sustained by plaintiff, David S. Trahan, while he was working at Morton's salt mine facility in Weeks Island, Louisiana. On December 9, 2008, Trahan was employed by Scott Equipment Co. (Scott) as a full-time mechanic. He was dispatched to Morton's facility to perform repairs on Morton's No. 6 scaling machine at the time of his injuries. Morton filed a Third Party Demand against Scott for all or part of its liability to Trahan, based on an alleged Service Contract.

At the heart of the Motion is a document entitled Service Contract which Morton alleges establishes multiple obligations between the parties. Specifically, Morton argues:

> First, the agreement states that Scott would provide for workers' compensation and other insurance for its employees and required that Morton be named as additional insured under those policies. Second, the agreement requires that Scott's workers' compensation policy contain a waiver of subrogation by Scott's workers' compensation insurance carrier. Third, the agreement requires Scott to indemnify Morton for any claims asserted against Morton, including claims for personal injury,

by Scott's employees arising from work performed under the service agreement. Morton International, Inc.'s Original Third-Party Complaint, Doc. 27, ¶ 9.

This alleged contract was never signed by an agent, representative or anyone on Scott's behalf; nonetheless, Morton argues that Scott is bound by the terms and conditions contained therein through Scott's course of dealings with Morton.

## LAW AND REASONING

"A contract is formed by the consent of the parties established through offer and acceptance. *Unless the law prescribes a certain formality* for the intended contract, offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent." La. Civ. Code Art. 1927 (2010). However, Louisiana law does prescribe that an *indemnity* contract be *express and unequivocal*; therefore, article 1927 is inapplicable. *Perkins v. Rubicon, Inc.*, 563 So.2d 258 (La. 1990). "A contract which requires that the intention to be bound must be expressed in unequivocal terms requires that acceptance be expressed in unequivocal terms." *Freeman v. Witco, Corp, et al*, 108 F.Supp.2d 643, 645 (E.D. La. 2000). In interpreting *Perkins,* the *Freeman* Court held that the parties' prior course of dealings forms an implied contract; however, since it is *not* expressed in unequivocal terms, it cannot establish an indemnity contract. *Id.* at 646.

Morton argues that the present action is not one of implied contract; rather, it is an express contract of indemnity since it was reduced to writing. However, Morton overlooks that not only do the terms and conditions need to be express and unequivocal, but so does Scott's assent to be bound by them. At the time of David Trahan's injuries, no one on behalf of Scott had signed any contract agreeing to, nor in any other way expressly and unequivocally agreeing to, indemnify Morton for such injuries.

## CONCLUSION

For the foregoing reasons, the Court finds that Scott did not expressly and unequivocally agree to indemnify Morton.

IT IS ORDERED that Scott's Motion for Summary Judgment (Doc. 53) is GRANTED to the extent that it did not agree to indemnify Morton.

IT IS FURTHER ORDERED that Scott's Motion is DENIED, as to Morton's remaining claims.

THUS DONE AND SIGNED, this 13th day, December, 2010, Lafayette, Louisiana.

_____
HONORABLE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA